UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY RAY McCONKEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY W. YOUNT, )<br>)<br>Defendant. ) | No. 4:04CV908 TIA |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On July 19, 2004, Plaintiff filed a Complaint under 42 U.S.C. § 1983 against Gary W. Yount, Michael Pyatte, and Dr. Yates alleging excessive use of force and denial of medical care. On November 23, 2004, United States District Judge Rodney W. Sippel dismissed the claim against Dr. Yates as legally frivolous and/or for failure to state a claim upon which relief may be granted. On November 2, 2005, United States District Judge Carol E. Jackson dismissed Defendant Pyatte for Plaintiff's failure to timely serve Pyatte under Fed. R. Civ. P. 4(m). Thus, the only remaining claims are those against Defendant Yount.

On June 5, 2006, the undersigned granted Defendant's Motion to Compel Discovery, finding that Plaintiff had ignored all of Defendant's discovery requests and the discovery deadlines set forth in the Federal Rules of Civil Procedure and the Case Management Order. The Court also noted that under Fed. R. Civ. P. 37(b)(2), the Court could dismiss the action if the Plaintiff failed to obey the Order compelling discovery. On June 12, 2006, Plaintiff's mail was returned as undeliverable. Under Local Rule 2.06(B), "[i]f any mail to a pro se plaintiff or petitioner is returned to the Court without

a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice."

The Court finds that, for a variety of reasons, this case must be dismissed. First, the Plaintiff has failed to comply with any of this Court's Orders, including but not limited to, the Case Management Order setting forth a now-expired discovery completion date of June 29, 2006. That Order specifies that failure to make discovery disclosures may result in sanctions, including dismissal. (Order of 3/29/06) Second, Plaintiff has failed to prosecute this case, and the Court has the authority to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ." Fed. R. Civ. P. 41(b). Finally, Plaintiff has failed to notify the Clerk and this Court of the change in his address. More than thirty days have passed since the Court received Plaintiff's returned mail without a forwarding address. Thus, under Local Rule 2.06(B), this Court may dismiss the action without prejudice.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Tommy Ray McConkey's Complaint under 42 U.S.C. §

---

[1] The undersigned is cognizant of a recent unpublished Eighth Circuit case, Jones v. Johnson, No. 06-1059, 2006 WL 1843521 (8th Cir. July 6, 2006), which reversed the district court's dismissal of an IFP Plaintiff under a local rule in the United States District Court of Arkansas. The undersigned finds that the present case is distinguishable from the Jones case. In Jones, the plaintiff did not notify the court of his change in address, and the district court dismissed the complaint on that basis. However, as the Court of Appeals pointed out, the local rule allowed dismissal only where plaintiff failed to respond to a court communication within thirty (30) days. The Jones court concluded that the district court abused its discretion because plaintiff did not fail to respond to a court communication. In the present case, the applicable local rule allows dismissal where mail from the court is returned without a forwarding address and plaintiff fails to notify the court of such change in address within thirty (30) days. L.R. 2.06(B). Unlike Jones, the facts of this case fit squarely within this court's local rule. Therefore, the undersigned has the authority to dismiss Mr. McConkey's action.

1983 is **DISMISSED** without prejudice.

                                                          /s/ Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of July, 2006.